IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

FONTA WHIPPLE,

        Petitioner,        :        Case No. 1:13-cv-710

- vs -                              District Judge Michael R. Barrett
                                      Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
Institution,

        Respondent.       :

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits. Petitioner has filed the Petition (Doc. No. 1) and a Traverse (Doc. No. 10). Respondent has filed an Answer/Return of Writ (Doc. No. 6). The case is accordingly ripe for decision.

Whipple pleads the following Grounds for Relief:

> **Ground One**: Fonta Whipple's constitutional rights were violated when the trial court refused to suppress statements obtained in violation of the Fourth, Fifth and Sixth Amendments to the U.S. Constitution.
>
> **Supporting Facts:**
>
> Police interrogated Fonta Whipple after he invoked his right to counsel. Statements made after that point were admitted against him at trial.
>
> **Ground Two**: Fonta's [sic] Whipple's right to due process was violated when the trial court convicted him based on insufficient evidence.

1

>**Supporting Facts:**
>
>The trial court convicted Fonta Whipple of Attempted Murder and Weapons Under Disability.
>
>**Ground Three**: Fonta Whipple's rights to due process and to be free from double jeopardy were violated when the trial court permitted a retrial after incorrectly finding that a manifest necessity existed justifying a new trial.
>
>**Supporting Facts:**
>
>The trial court granted a mistrial based on the State's failure after a jury was empanelled and jeopardy attached.  The trial court allowed Mr. Whipple to be retried.

(Petition, Doc. No. 1.)


**Procedural and Factual History**


Whipple was indicted by the Hamilton County Grand Jury in 2009 on one count of attempted murder in violation of Ohio Revised Code § 2923.02(A), with firearm specifications; two counts of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) and (2) with firearm specifications; and two counts of having weapons while under disability in violation of Ohio Revised Code § 2923.13(A)(1) and (3).  (Return of Writ, Doc. 6-1, Ex. 1, PageID 78.)

Prior to trial Whipple filed a motion to suppress statements.  Following a hearing on the motion, the court overruled Whipple's motion to suppress statements in an order filed April 13, 2010. (Trial Transcripts, Doc. No. 7-1, PageID 320.)

The case proceeded to trial. Upon motion of the state, the trial court declared a mistrial and discharged the jury due to manifest necessity upon the surprise refusal of the state's witness to testify even when jailed for contempt. (Trial Transcripts, Doc. No. 7-4, PageID 1060.)

Whipple's oral motion to dismiss the case on the grounds of double jeopardy was overruled in an order filed April 21, 2010. *Id*. at PageID 1062; *see also* Return of Writ, Doc. No. 6-1, PageID 92.

On April 26, 2010, in *Whipple v. Hamilton Co. Court of Common Pleas*, Case No. 1:10-cv-259, before the U.S. District Court in the Southern District of Ohio, Whipple filed a petition for writ of habeas pursuant to 28 U.S.C. §2241(c)(3) as a pre-trial detainee challenging the state's impending retrial upon the same claim of double jeopardy that he now seeks to bring in his 28 U.S.C. §2254 Petition as a state inmate. (Petition, Doc. No. 1.) , On May 6, 2010, this Court adjudicated Whipple's pre-trial double jeopardy challenge on its merits under *Harpster v. Ohio*, 128 F.3d 322, 324 (6th Cir. 1997) and dismissed it as entirely meritless. (Order, Doc. No. 8);(Judgment, Doc. No. 9.), The Court likewise denied Whipple leave to appeal to the Sixth Circuit Court of Appeals. *Id*.

Subsequently, as the state proceeded toward retrial, Whipple filed another motion to dismiss on the basis of double jeopardy, and the trial court again denied Whipple's motion. (Return of Writ, Doc. 6-1, Ex. 7,  PageID 96.)  The trial jury found Whipple guilty as charged. The trial court sentenced Whipple to eighteen years to life imprisonment.

Whipple appealed to the Court of Appeals of Ohio, First Appellate District, Hamilton County, raising three assignments of error:

> 1. The trial court erred in refusing to suppress a written statement signed by defendant incident to an interrogation conducted by police officers after defendant had asserted his right to have an attorney present.
>
> 2. The trial court erred by not dismissing the indictment after declaring a mistrial thereby placing appellant in jeopardy a second time in violation of his Fifth Amendment Right not to be twice placed in jeopardy.
>
> 3. The guilty verdict is not supported by sufficient evidence and is against the manifest weight of the evidence.

3

(Return of Writ, Doc. 6-1, Ex. 20, Page ID 117.)

The court of appeals *sua sponte* assigned the appeal to the accelerated calendar and its decision is not embodied in an "opinion" of that court. (Return of Writ, Doc. 6-1, Ex. 22, Page ID 194, et seq.)

Appellant's facts of this case are set forth in his Brief filed on direct appeal as follows:

> Derryan Holland, 23-years-old, had been acquainted with Jashawn Clark and Fonta Whipple from the Cincinnati neighborhood of Lincoln Heights. They got along until Whipple and Holland had a dispute over a girl (T.p. 1123-1128) The dispute escalated in February 2009, when Holland allegedly shot Whipple with an AK-47 riffle, causing Whipple to suffer an injury to his right middle finger. (T.p. 1390-1391, State's Exhibit #26)
>
> On the afternoon of June 22, 2009, Holland drove his white BMW to the Bad Boyz Car Wash on Wayne Avenue in Lockland to get his car washed. A person named Donte Wright, the operator of the car wash, was there along with another unidentified person that Holland testified was Mexican. The person Holland described as Mexican washed Holland's car while Holland sat down in a chair a few feet away. As Holland was in the process of texting someone, he was shot multiple times. Holland covered his face and ducked down on the ground where he was shot some more. Holland tried to stand up and was shot again. Holland was unable to identify the shooter. Holland was shot all over, including in the neck. Police and paramedics arrived and Holland was rushed to University Hospital. Holland underwent four surgeries and spent a week at University Hospital before being released to Drake Hospital where he underwent extensive rehabilitation for another week. (T.p. 1131-1143, 1198, 1367)
>
> Alfreda Cherry was at work at Tristate Towing located across the street from the Bad Boyz Car Wash. Cherry was working at her desk when she heard three or four gunshots. Cherry looked out the window and saw Holland falling to the ground. Cherry immediately called 911. While she was calling 911, Cherry heard more gunshots and could see Holland's body move in reaction to each gunshot. Cherry saw two men leave the Bad Boyz Car Wash and get into a Black Dodge Charger with dark tinted windows and

4

> drive away. Cherry described these two men as younger African-American males. (T.p. 1164-1173)
>
> Adam Hines was working at a warehouse located adjacent to the Bad Boyz *Car* Wash when, at about 2:30 p.m., he saw a black Dodge Charger with dark tinted windows and big chrome wheels pull into the warehouse lot and go up the driveway and out of sight. A few minutes thereafter, Hines heard about 12 or more gunshots coming from Bad Boyz Car Wash. Hines looked in that direction and saw two people walking out of the car wash and get into the Dodge Charger. Hines then observed the Dodge Charger take a left turn onto Wayne Avenue and leave. (T.p. 1178-1 185)
>
> The Lockland Police responded to the scene within minutes, secured it and talked to witnesses. (T.p. 1339-1342, 1375) At the scene, police recovered 11 9-millimeter cartridge casings and numerous bullet fragments. (T.p. 1371) It was stipulated at trial that these 9-millimeter cartridge casings were all fired from the same 9-millimeter semiautomatic handgun. (T.p. 1446)
>
> Police obtained a description of the Black Charger. That evening a girl by the name of Ashlee King arrived at the Lockland Police station. Based on information Lockland detectives learned from Ashlee, they filed charges against Clark and Whipple in connection with the Holland shooting. But Clark and Whipple had fled Ohio. With the assistance of the United States Marshall's Fugitive Task Force, police located and arrested Clark and Whipple within 48 hours of filing charges. Both fugitives were found together at a Holiday Inn in Covington, Kentucky. (T.p. 1376-1386)

(Return of Writ, Doc. 6-1, Ex. 21, PageID 157-159.)

Following the briefing on the appeal, the court of appeals affirmed Whipple's conviction and sentence. (Return of Writ, Doc. 6-1, Ex. 22, PageID 194-96.) Whipple failed to perfect a timely appeal to the Ohio Supreme Court. Whipple later, on March 29, 2012, filed a notice of appeal and motion for leave to file delayed appeal to the Supreme Court of Ohio. The Ohio Supreme Court later granted permission for leave to appeal, but then declined to exercise jurisdiction. *State v. Whipple,* 132 Ohio St. 3d 1513 (2012).

**Analysis**

In the Return of Writ, Respondent argues the Petition in this case should be dismissed under the doctrine of concurrent sentencing. (Return, Doc. No. 6, PageID 53.)  In the Petition, Whipple acknowledges that the sentence in the instant case is being served concurrently with a sentence of nineteen years, consecutive to two life sentences upon his conviction in a separate case on two counts of aggravated murder with associated lesser offenses. (Doc. No. 1, PageID 13, ¶ 17.)

Respondent argues that, under the concurrent sentence doctrine, a federal district court may decline to hear a substantive challenge to a conviction when the sentence for that conviction is being served concurrently with an equal or longer sentence on a valid conviction and there are no collateral consequences to the challenged conviction (Return of Writ, Doc. No. 6, PageID 55, citing *Winn v. Renico*, 175 Fed. Appx. 728, 731-32 (6th Cir. 2006), citing *United States v. Jeter,* 775 F.2d 670 (6th Cir. 1985)).

Petitioner opposes dismissal on the basis of the concurrent sentence doctrine because he has challenged the validity of the longer sentence in *Whipple v. Morgan*, Case No. 1:14-cv-119 in this Court. (Traverse, Doc. No. 10, PageID 1907.)  If habeas relief is granted in that case, he argues, he would still be forced to serve what he contends is the unconstitutional sentence in this case. *Id.*

Since this case became ripe for decision, both it and the other habeas case have been transferred to the undersigned for report and recommendations.  The transfer is pursuant to a multi-year practice in which some of the habeas corpus cases at the Cincinnati and Columbus locations of court are transferred to the undersigned to balance the Magistrate Judge workload in

the District.

On October 6, 2014, the same date as this Report is being made, the undersigned is filing a Report and Recommendations in Case No. 1:14-cv-119 recommending that the Petition there be dismissed with prejudice. Since the same attorney represents Whipple in both cases, she will receive notice of Judge Black's decision in that case. If Judge Black rejects the Report or on some basis grants habeas relief in Case No. 1:14-cv-119, Whipple can immediately move for relief from judgment in this case, as such motion under Fed. R. Civ. P. 60(b) would be permissible under *Gonzalez v. Crosby,* 545 U.S. 524 (2005). Thus Whipple would have a full opportunity to litigate the constitutional validity of the convictions at issue in this case if the sentence here were no longer concurrent.

In the interest of judicial economy, it is respectfully recommended that the Petition herein be dismissed without prejudice under the concurrent sentence doctrine. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

October 6, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen

7

days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).